NOT DESIGNATED FOR PUBLICATION

No. 115,536

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT THOMAS HULSEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.


*Per Curiam*: Scott Thomas Hulsey appeals his sentence of lifetime postrelease supervision. We granted Hulsey's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

After a jury trial, Hulsey was convicted of two counts of aggravated indecent liberties with a child, one count of aggravated criminal sodomy, and 89 counts of sexual exploitation of a child. The district court sentenced Hulsey to consecutive sentences of life imprisonment for each count of aggravated indecent liberties with a child and also for the aggravated criminal sodomy charge. For the 89 counts of sexual exploitation of a child, the district court imposed a sentence of 55 months for the first count and 34 months

1

for each additional count. The first two counts were consecutive, and the remaining 87 counts were concurrent. The district court also imposed lifetime postrelease supervision for the convictions of sexual exploitation of a child and lifetime parole for each conviction of aggravated indecent liberties and for aggravated criminal sodomy.

On appeal, this court reversed one of the convictions for aggravated indecent liberties with a child, finding that the two counts were multiplicitous, and ordered that Hulsey be resentenced. This court thoroughly addressed Hulsey's argument that the lifetime postrelease supervision portion of his sentence was categorically unconstitutional. *State v. Hulsey*, No. 109,095, 2014 WL 4627486 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1015 (2015).

At the resentencing hearing, Hulsey renewed his previous motions, which included a motion that the lifetime postrelease supervision portion of his sentence was categorically unconstitutional. The district court rejected the motion and again imposed a sentence of lifetime postrelease supervision for Hulsey's convictions of sexual exploitation of a child. Hulsey timely appealed.

In this appeal, Hulsey argues that the district court at resentencing "erred in denying his motion that his lifetime post-release sentence was categorically unconstitutional." However, Hulsey acknowledges that the law of the case doctrine precludes review of issues litigated and decided within the same action.

As Hulsey acknowledges, when a second appeal is brought in the same case, the first decision is the settled law of the case on all questions involved in the first appeal. Reconsideration will not be given to such questions. See *State v. Morton*, 283 Kan. 464, Syl. ¶ 5, 153 P.3d 532 (2007). Here, this court in the first appeal thoroughly addressed and rejected Hulsey's argument that the lifetime postrelease supervision portion of his sentence for his convictions of sexual exploitation of a child was categorically

unconstitutional. The remand for resentencing was because Hulsey's convictions of two counts of indecent liberties with a child were multiplicitous; the remand had nothing to do with Hulsey's sentence of lifetime postrelease supervision for his convictions of sexual exploitation of a child. Thus, this court's prior ruling rejecting Hulsey's claim that the lifetime postrelease supervision portion of his sentence was categorically unconstitutional is the law of the case and will not be reconsidered in this second appeal.

Affirmed.